UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAMUEL LOVE,<br><br>        Plaintiff,<br><br>    v.<br><br>INTERNATIONAL HOTEL ASSOCIATES NO. 2 LLC,<br><br>        Defendant. | Case No. 20-cv-08689-HSG<br><br>**ORDER DENYING MOTION FOR JUDGMENT ON THE PLEADINGS** |

Pending before the Court is Defendant International Hotel Associates No. 2 LLC's motion for judgment on the pleadings. *See* Dkt. No. 16. The Court finds this matter appropriate for disposition without oral argument, and the matter is deemed submitted. *See* Civil L.R. 7-1(b). For the following reasons, the Court **DENIES** the motion.

**I.     BACKGROUND**

On December 9, 2020, Plaintiff Samuel Love filed this case against Defendant, which owns and operates the King George Hotel located at 334 Mason Street, San Francisco, California. Dkt. No. 1 ("Compl.").

Plaintiff, a paraplegic who uses a wheelchair for mobility, alleges that he "planned on making a trip in February of 2021 to the San Francisco, California area." *See id.* at ¶ 12. Plaintiff states that he chose Defendant's hotel for its "desirable price and location." *Id.* at ¶ 13. Plaintiff alleges that he navigated to the hotel's website to book an accessible room for his visit. *See id.* at ¶ 15. He asserts that "the lack of information" on the webpage made it difficult to book a room because "defendant's reservation system failed to identify and describe the accessible features in the guestroom" such that he was unable to "assess independently whether the particular guestroom met his accessibility needs." *Id.* at ¶¶ 17–19. In particular, Plaintiff alleges that the website did

not sufficiently detail (1) "whether the desk/table in the room is accessible"; (2) "if the sink and toilet are accessible"; or (3) "if the room has accessible clear floor space." *Id.* at ¶ 16. As a result, Plaintiff alleges that he was ultimately deterred from booking a room at the hotel. *Id.* at ¶ 19.

Based on these allegations, Plaintiff brings causes of action for violations of (1) the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12101, *et seq.*; and (2) the Unruh Civil Rights Act, Cal. Civ. Code §§ 51–53.

## II.     LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(c), a party may move for judgment on the pleadings "[a]fter the pleadings are closed—but early enough not to delay trial." "Judgment on the pleadings is proper when, taking all allegations in the pleading as true, the moving party is entitled to judgment as a matter of law." *Stanley v. Trustees of Cal. State Univ.*, 433 F.3d 1129, 1133 (9th Cir. 2006). "Rule 12(c) is functionally identical to Rule 12(b)(6) and . . . the same standard of review applies to motions brought under either rule." *Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1054, n.4 (9th Cir. 2011) (quotation omitted). The Court will "accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). The Court generally may not consider materials beyond the pleadings without converting the motion for judgment on the pleadings to a motion for summary judgment under Rule 12(d) and Rule 56. *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1550 (9th Cir. 1989). Whether to grant a motion under Rule 12(d) is left to the discretion of the Court. *See Data Disc, Inc. v. Sys. Tech. Assocs., Inc.*, 557 F.2d 1280, 1289 (9th Cir. 1977); *Adobe Sys. Inc. v. Blue Source Grp., Inc.*, 125 F. Supp. 3d 945, 968 (N.D. Cal. 2015).

In *Khoja v. Orexigen Therapeutics*, the Ninth Circuit clarified the judicial notice rule and incorporation by reference doctrine. *See* 899 F.3d 988 (9th Cir. 2018). Under Federal Rule of Evidence 201, a court may take judicial notice of a fact "not subject to reasonable dispute because it … can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2). Accordingly, a court may take "judicial notice of matters of public record," but "cannot take judicial notice of disputed facts contained in such public records."

1    *Khoja*, 899 F.3d at 999 (citation and quotations omitted).  The Ninth Circuit has clarified that if a
2    court takes judicial notice of a document, it must specify what facts it judicially noticed from the
3    document.  *Id*. at 999.  Further, "[j]ust because the document itself is susceptible to judicial notice
4    does not mean that every assertion of fact within that document is judicially noticeable for its
5    truth."  *Id*.  As an example, the Ninth Circuit held that for a transcript of a conference call, the
6    court may take judicial notice of the fact that there was a conference call on the specified date, but
7    may not take judicial notice of a fact mentioned in the transcript, because the substance "is subject
8    to varying interpretations, and there is a reasonable dispute as to what the [document] establishes."
9    *Id*. at 999–1000.

10   Separately, the incorporation by reference doctrine is a judicially-created doctrine that
11   allows a court to consider certain documents as though they were part of the complaint itself.  *Id*.
12   at 1002.  This is to prevent plaintiffs from cherry-picking certain portions of documents that
13   support their claims, while omitting portions that weaken their claims.  *Id*.  Incorporation by
14   reference is appropriate "if the plaintiff refers extensively to the document or the document forms
15   the basis of plaintiff's claim."  *Khoja*, 899 F.3d at 1002.  However, "the mere mention of the
16   existence of a document is insufficient to incorporate the contents" of a document.  *Id*. at 1002.
17   And while a court "may assume [an incorporated document's] contents are true for purposes of a
18   motion to dismiss … it is improper to assume the truth of an incorporated document if such
19   assumptions only serve to dispute facts stated in a well-pleaded complaint."  *Id*.

20   **III.    DISCUSSION**
21       **A.    Judicial Notice**
22   As part of its motion, Defendant requests that the court take judicial notice of the following
23   documents:
24       1.  A copy of Defendant's publicly accessible website, at
25           https://www.kinggeorge.com/, Dkt. No. 16-1, Ex. 1.
26       2.  Copies of specific webpages from Defendant's website showing the ADA
27           accessibility information for the hotel, Dkt. No. 16-1, Ex. 2.
28

      3.    The Consent Decree in *U.S. v. Hilton Worldwide, Inc.*, No. 10-cv-1924, ECF No. 5 (D.D.C. Nov 29, 2010), Dkt. No. 16-1, Ex. 3.

      4.    A list of 49 cases, 24 in the Northern District of California, brought by Plaintiff or by others represented by the same counsel, Dkt. No 18-1, Exs. 4–13.

Under Federal Rule of Evidence 201, a court may take judicial notice of a fact "not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2). The Court may take judicial notice of court documents already in the public record and documents filed in other courts. Thus, Exhibits 4–13 are proper subjects of judicial notice.

Websites and their contents may be proper subjects for judicial notice. *See Threshold Enterprises Ltd. v. Pressed Juicery, Inc.*, 445 F. Supp. 3d 139, 146 (N.D. Cal. 2020) (collecting cases); *Wible v. Aetna Life Ins. Co.*, 374 F. Supp. 2d 956, 965 (C.D. Cal. 2005) (recognizing that "websites and their contents may be proper subjects for judicial notice" where party "supplied the court with hard copies of the actual web pages of which they sought to have the court take judicial notice").

Further, under the doctrine of incorporation by reference, the Court may consider documents whose contents are alleged in the complaint, provided the complaint "necessarily relies" on the documents, the document's authenticity is uncontested, and the document's relevance is uncontested. *See Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1038 (9th Cir. 2010); *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003) ("Even if a document is not attached to a complaint, it may be incorporated by reference into a complaint if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim."). "The defendant may offer such a document, and the district court may treat such a document as part of the complaint, and thus may assume that its contents are true for purposes of a motion to dismiss under Rule 12(b)(6)." *Ritchie*, 342 F.3d at 908.

Here, Exhibits 1 and 2 are copies of publicly-accessible web pages, and Plaintiff expressly cites to them in the complaint. *See* Compl. at ¶¶ 15–19. In his opposition brief, Plaintiff also notes that he does not object to Defendant's request for judicial notice, and relies on the same

website and webpages in his brief. *See* Dkt. No. 17 at 7. Therefore, the Court **GRANTS IN PART** Defendant's request for judicial notice as to Exhibits 1 and 2. The Court does not rely on the *Hilton* consent decree, Exhibit 3, and **DENIES** Defendant's request for judicial notice on this basis. The Court further **DENIES** Defendant's request for judicial notice as to the list of cases as an improper evasion of the Court's page limits.

### B. Motion for Judgment on the Pleadings

Plaintiff contends that Defendant's reservation system violates 28 C.F.R. § 36.302(e) because the hotel website does not "identif[y] and describe[] accessible features in the hotels and guest rooms in enough detail to reasonably permit individuals with disabilities to assess independently whether a given hotel or guest room meets his or her accessibility needs." *See* Compl. at ¶ 23; *see also id.* at ¶¶ 17–19. Plaintiff acknowledges that the hotel website does provide some level of relevant detail, including noting which aspects of the hotel are accessible and, specifically for the accessible guestrooms, that there is a roll-in shower with a built-in shower chair and handrails. *See id.* at ¶ 16. Nevertheless, Plaintiff argues that more detailed information is needed about the clearance space within the guestroom and the specific accessibility features available in the guestroom. *Id.* at ¶¶ 14, 16–17. In response, Defendant contends that its "[w]ebsite provides significantly more information about the hotel's accessibility features" than is required under § 36.302(e). *See* Dkt. No. 16 at 16.

Defendant asserts that "[n]ot one case supports the plaintiff's interpretation of law," and that its website is sufficient as a matter of law. *See* Dkt. No. 16 at 6. But Defendant simply ignores the contrary cases that Plaintiff cites in his opposition brief. *See, e.g.*, *Arroyo v. RSTP Investments, LLC*, 5:21-cv-00435-SVK (N.D. Cal. May 26, 2021); *Love v. Cow Hollow Motor Inn Associates, L.P.*, 20-cv-07525-SK (N.D. February 17, 2021); *Whitaker v. Casa Madrona Hotel & Spa, LLC*, No. 21-CV-00629-EMC, 2021 WL 1615372, at *1 (N.D. Cal. Apr. 26, 2021); *see also* Dkt. No. 17 at 17–18 (collecting cases).

As these cases highlight, at this stage Plaintiff need only allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Cafasso*, 637 F.3d at 1054, n.4 (applying Rule 12(b)(6) standard to motion for

judgment on pleadings). And the Court finds that Plaintiff has done so here. The Court finds that it is plausible that a reasonable jury could find in Plaintiff's favor because accessibility information on the website appears to be generalized and conclusory and not always easy to locate. For example, the "Accommodations" and "Services" sections on the hotel's website describe "ADA Compliance Accessibility Features" of the hotel generally, but not of any specific rooms:

- Accessible Route To Hotel Entrance And Registration Desk
- Accessible Valet Parking
- Hearing-Impaired Kits Available
- Accessible Corridors
- Elevator Landings And Stairwells Are Outfitted With Braille Signage
- Public Restrooms Are Accessible
- Visual Fire Alarms
- Meeting Rooms Are Accessible

*See* Dkt. No. 16-1, Ex. 2. And the website screenshots that Defendant points to only provide a conclusory statement that "ADA Accessible Rooms are available for guests on a 'First Sell' basis." *See id.* More specific information about the features available in these accessible rooms only appears to be available once a prospective guest begins the booking process. After finding an ADA accessible room that is available to book during the timeframe in which a guest is looking, a prospective guest may find room-specific amenities, including:

- Roll in shower with built in shower chair;
- Bathroom handrails;
- Lowered sight hold on door; and
- Portable kit for hearing or visually impaired guests.[1]

The barriers to finding such room-specific information on the website in this case stand in sharp contrast to the detailed information provided by the defendant in *Love v. Omni Hotels*

---

[1] *See* https://www.kinggeorge.com/suites (last accessed September 29, 2021).

*Mgmt.*, No. 4:20-cv-07690-HSG (N.D. Cal. July 7, 2021), in which this Court found that the accessibility information on the hotel's website was sufficient as a matter of law. In *Omni*, the hotel's "Accessibility" section of the website explained that its ADA accessible guest rooms had specific features, including "entry that provides 32" of clear width"; "toilet and sink [] no higher than 34" from the floor"; "[l]ower[] light switches, peephole, deadbolt, evacuation instructions and closet rods in guest rooms"; "[c]losed caption TV"; and "grab bars near toilet." *Id.* Here, although Defendant's hotel may in fact have some of these features available, a prospective guest can only find this information by starting the booking process. *Accord Whitaker*, 2021 WL 1615372, at *1 (denying motion to dismiss ADA case based on "[t]he conclusory nature and somewhat disorganized nature of the accessibility information" on the hotel's website). Thus, drawing all inferences in Plaintiff's favor as the Court must at this stage, it is plausible that a reasonable jury could find that Defendant's website is deficient.

### IV.  CONCLUSION

The Court **DENIES** accordingly Defendant's motion for judgment on the pleadings.[2]

**IT IS SO ORDERED.**

Dated:  September 30, 2021

HAYWOOD S. GILLIAM, JR.
United States District Judge

---

[2] The Court informs defense counsel that the dismissive tone of its briefs was neither appreciated nor helpful to the Court in considering the relevant issues. The number of cases that Plaintiff or his counsel has filed is simply irrelevant to the merits of this case.